UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

HERBERT FLETCHER,

              Defendant.

**MEMORANDUM & ORDER**

21-cr-227 (ERK) (CLP)

KORMAN, *J.*:

    I assume familiarity with the facts and procedural background of this case, as set forth in the Report and Recommendation ("R&R") of Magistrate Judge Reyes.[1] *See* R&R at 2–3, ECF No. 99. The defendant, Herbert Fletcher, pleaded guilty to one count of sex tourism in violation of 18 U.S.C. § 2423(c). Minute Entry, ECF No. 60. In his plea agreement, he agreed "to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities." Plea Agmt. ¶ 12, ECF No. 69-1. Magistrate Judge Reyes recommends that I order the defendant to pay $145,400.61 in restitution for losses incurred by three victims, referred to herein and in the R&R as Jane Doe, Jane Doe #3, and Jane Doe #4. R&R

---

[1] I refer to Magistrate Judge Reyes as such to reflect the capacity in which he prepared the R&R, though he has since been elevated to the position of United States District Judge.

1

at 1, 16.  The defendant has filed objections to that recommendation.  Def.'s Objs., ECF No. 102.

I.     *Victims' Mental Health Care Expenses*

First, the defendant objects to Magistrate Judge Reyes's recommendation that he be ordered to pay the full cost of the victims' past and future mental health treatment.  Def.'s Objs. at 1–3.  He contends that certain of the victims were previously engaged in sex work and that therefore his sexual abuse of them was not the sole cause of their psychological harm—abuse by other perpetrators also played a role.  *Id.*  Accordingly, he argues that the Mandatory Victims Restitution Act ("MVRA") authorizes restitution only for the portion of the mental health care treatment "solely" attributable to him.  *Id.*

The defendant's objection is overruled.  The MVRA obligates courts to order the payment of restitution to victims of covered crimes.[2]  18 U.S.C. § 3663A(a)(1).  It defines a "victim" as any "person directly and proximately harmed as a result of the commission of" a covered offense.  *Id.* § 3663A(a)(2).  "Courts have interpreted this language to impose cause-in-fact and proximate cause requirements,

---

[2] In addition to the MVRA, another statute, 18 U.S.C. § 2429—which specifically applies to sex tourism offenses—also mandates restitution in this case.  *See* Plea Agmt. ¶ 12 (stipulating to the entry of a restitution order pursuant to § 2429).  The parties' submissions, however, only address the imposition of restitution under the MVRA, and because I find the analysis and outcome to be the same under either statute, I too focus on the MVRA.

2

respectively." *United States v. Goodrich*, 12 F.4th 219, 229 (2d Cir. 2021) (citing *Robers v. United States*, 572 U.S. 639, 645 (2014)). Where the statute's requirements are met, courts have no discretion "to award restitution for anything less than the full amount of the victim[s'] losses." *United States v. Desnoyers*, 708 F.3d 378, 389 (2d Cir. 2013) (quoting *United States v. Walker*, 353 F.3d 130, 131 (2d Cir. 2003)).

No authority supports the defendant's attempt to import a requirement that such losses be *solely* caused by the defendant's crime. *See In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012) (explaining that the MVRA does not require "the defendant [to] be the sole cause of the harm" to impose restitution). The defendant relies in part on *Paroline v. United States*, 572 U.S. 434 (2014), and other cases applying it. *See* Def.'s Opp'n at 6, ECF No. 92 (citing *Paroline*, 572 U.S. at 461); Def.'s Objs. at 2 (citing *United States v. Baslan*, No. 13-CR-220, 2015 WL 1258158, at *5 (E.D.N.Y. Mar. 17, 2015)). But *Paroline*, in fact, undermines his contention.

*Paroline* examined the causation requirement of an analogous mandatory restitution statute that applies to child pornography offenses.[3] 572 U.S. at 443. The defendant there was convicted of possessing sexually explicit images of a minor that he obtained on the internet. *Id.* at 441. Among other harms, the victim of the offense

---

[3] That statute, which was enacted as part of the Violence Against Women Act of 1994 and codified at 18 U.S.C. § 2259, was substantially amended by the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, 132 Stat. 4383.

suffered the humiliation of knowing her images were widely circulated online, but she had no specific knowledge of the defendant, who was one among thousands of viewers. *Id.* at 441–42. The victim sought an order of restitution against the defendant for the entirety of her lost income and future counseling expenses resulting from the circulation of her images online. *Id.* at 441.

*Paroline* held that the statute's proximate cause requirement did not permit such an order. *Id.* at 456. Otherwise, the statute would "hold[] each possessor of [the victim's] images liable for the conduct of thousands of other independently acting possessors and distributors, with no legal or practical avenue for seeking contribution." *Id.* at 455. Rather than impose a potentially "excessive and disproportionate" restitution award, the Supreme Court held that, under such circumstances, courts should "order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id.* at 456, 458.

In so holding, the Court made clear that the statute did not "require[] but-for causation by its terms." *Id.* at 458. Were it so limited, the victim would not have been entitled to any restitution because her injury would have been essentially the same absent the defendant's offense. *Id.* at 450. That "anomalous" result was not required by the statute because, as the Court observed, "alternative causal standards" exist that form "part of the background legal tradition against which Congress"

4

legislates. *Id.* at 457–58. The "most common" of these alternative standards is "where multiple sufficient causes independently produce a result." *Id.* at 451 (cleaned up).

*Paroline* undermines the defendant's claim that the MVRA limits restitution to harms "solely" caused by his offense conduct. Indeed, *Paroline* suggests that mandatory restitution statutes like the MVRA may incorporate "alternative causal standards" such as the "multiple sufficient causes" standard. *Id.* at 451, 458. And unlike in *Paroline*, the defendant here is independently responsible for the full extent of the mental health treatment for which restitution is sought, even assuming the victims were engaged as sex workers and thus suffered abuse from other perpetrators.

First, the defendant's exploitation of these three victims was the cause-in-fact of their psychological harm. Consistent with well-established "legal tradition," the MVRA, like the statute in *Paroline*, is best read not to impose a rigid but-for cause requirement. *Id.* at 451; *see also* Restatement (Third) of Torts: Phys. & Emot. Harm § 27 (2010) (describing the multiple sufficient causes standard as an alternative to but-for cause); 1 Wayne LaFave, Substantive Criminal Law § 6.4(b) (3d ed. 2023) (same). The Second Circuit has apparently not addressed whether alternative causation standards may establish cause-in-fact under the MVRA or other mandatory

5

restitution statutes.[4] And other circuits have split on the issue. *See United States v. Monzel*, 641 F.3d 528, 538 (D.C. Cir. 2011) (suggesting entire liability for harm may be imposed on defendant under analogous restitution statute if two or more causes produce a result and either cause alone would be sufficient to do so); *In re Sealed Case*, 702 F.3d at 66–67 (imposing entire liability for victims' psychological harm on sex trafficker even though victims "had been involved in prostitution or other traumatic events before their contact with him"). *But see United States v. Anthony*, 942 F.3d 955, 969 (10th Cir. 2019) (rejecting "sufficient-causation" standard and requiring a "strict but-for" cause test with respect to victim's loss in sex trafficking case). *Paroline*, however, makes clear that a statute's "unelaborated causal language" limiting restitution to the "proximate result" of the offense does not require strict but-for causation. 572 U.S. at 458. And the MVRA shares multiple features with the statute in *Paroline* indicating that it too contains no such requirement.

---

[4] The Second Circuit has generally described the MVRA's causation requirement using the language of but-for cause. *See, e.g., Goodrich*, 12 F.4th at 229 ("Regarding cause in fact, the defendant's conduct must have been a necessary factor in bringing about the victim's harm."). But that standard is simply the "default" test for cause-in-fact. *Paroline*, 572 U.S. at 458. The Second Circuit's recitation of it in cases not presenting the issue does not resolve whether "alternative causal standards" may suffice in appropriate instances. *Id.* To my knowledge, the Second Circuit has not addressed a case like this where a defendant's offense would alone be sufficient to necessitate the full extent of the victims' mental health treatment even though other instances of abuse may have given rise to similar harm.

First, the MVRA contains similar unelaborated language limiting restitution only to harms "directly and proximately" resulting from the offense. 18 U.S.C. § 3663A(a)(2); *see also id.* § 2259 (2014) (limiting restitution to "losses suffered . . . as a proximate result of the offense"), *amended by* Pub. L. No. 115-299, 132 Stat. 4383 (2018). Second, the MVRA—like the statute in *Paroline*—reflects a "broad restitutionary purpose." 572 U.S. at 443; *see* 18 U.S.C. § 3664(f)(1)(A) (requiring "restitution to each victim in the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant"). And as in *Paroline*, that purpose would be undermined if an abuser could avoid paying for mental health treatment necessitated by the abuse simply because the victim was similarly harmed by others. *See* 572 U.S. at 457–58.

Here, the U.S. Attorney has shown by a preponderance of the evidence that the defendant's sexual engagement with the victims while they were underage caused psychological harm necessitating their past treatment and ten years of future therapy. The Presentence Investigation Report ("PSR") and addendum thereto detail the defendant's egregious and prolific pattern of soliciting sex from minors, including these victims. PSR at 3–7, ECF No. 67. All three have been individually evaluated by a psychologist and have been attending therapy.[5] *See* ECF Nos. 89-2,

---

[5] The victims' therapy has thus far been paid for by a non-profit organization, Operation Underground Railroad ("O.U.R"). The U.S. Attorney seeks restitution to

7

-3, -6, -7, -9, -10.  And letters from their psychologist indicate that each will need ten years of ongoing therapy to address the mental and emotional toll of their abuse.  ECF Nos. 89-3, -7, -10.  Moreover, Jane Doe and Jane Doe #4 prepared affidavits explaining that therapy is helping them recover from the harms caused by the defendant and that they intend to continue these sessions.  ECF Nos. 95-1, 96-1.  The U.S. Attorney also submitted a letter by Tyler Schwab, who has worked with the victims through a non-governmental organization, detailing the impact of sex tourism on victims and the importance of appropriate treatment.  PSR Addend. at 6–7, ECF No. 70.  Finally, two of the victims submitted impact statements for the PSR and at sentencing.[6]  While I consider them only for background and not their truth, these statements give color to the harms the victims have suffered because of the defendant's abuse.  PSR at 6–7 ("[The defendant] caused me to be ashamed of myself and what happened to me. . . .  No one deserves to suffer what I suffered."); Sentencing Tr. at 17:23–19:3, 21:17–22:10 ("[The defendant] has caused me a lot of harm . . . emotionally, psychologically, everything.  And at this time, I don't feel like

---

reimburse O.U.R.  *See* 18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from . . . any other source with respect to a loss, the court shall order that restitution be paid to the person who provided . . . the compensation . . . .").

[6] Jane Doe and Jane Doe #4 provided statements.  PSR at 6–7; Sentencing Tr. at 17:23–19:3, 21:17–22:10, ECF No. 78.  As noted in the PSR addendum, Jane Doe #4 was mistakenly referred to as "Jane Doe #5" in the PSR.  *See* PSR Addend. at 2.

I can move on and have a family, a home, because I feel sad."). In sum, the U.S. Attorney has shown that the defendant's offense was the cause-in-fact of the psychological harm for which it seeks restitution.

The defendant is also proximately responsible for that harm. The MVRA's proximate cause inquiry looks to "whether the harm alleged has a sufficiently close connection to the conduct, which we evaluate based on whether that harm was foreseeable to a defendant." *Goodrich*, 12 F.4th at 229 (internal quotation marks omitted) (quoting *Robers*, 572 U.S. at 645). The defendant's sexual engagement with underage victims would foreseeably cause psychological harm requiring treatment. And unlike the "special context" of child pornography in *Paroline*, the circumstances here do not counsel limiting the restitution award to avoid disproportionate punishment. *See* 572 U.S. at 458. In *Paroline*, the acts of thousands of online perpetrators resulted in aggregate harm—the victim's humiliation over the circulation of her images online—that was categorically different than if the defendant alone had possessed the images. *Id.* at 455. Here, by contrast, the defendant's offense directly impacted the victims and would alone warrant the prescribed mental health treatment.

In such a situation, "[t]he court is not well positioned to disentangle the psychological harms that a victim may address through the receipt of mental health care, let alone to apportion the costs of such care among underlying harms." *United*

9

*States v. Raniere*, No. 18-CR-204, 2021 WL 9696824, at *9 (E.D.N.Y. May 28, 2021). "[I]t will not do so absent clear evidence that the [exploitation] of a specific victim did not give rise to the full extent of her psychological care needs." *Id.* Here, the harm caused by the defendant cannot be disentangled from other factors contributing to the victims' mental health care needs. And unlike in *Paroline*, full restitution would in no sense "be excessive and disproportionate" to the offense conduct. 572 U.S. at 456. In sum, both the MVRA's cause-in-fact and proximate cause requirements are met.

In accordance with the R&R, the U.S. Attorney has shown losses related to mental health treatment totaling $154,800, including $10,800 in past psychological care paid for by O.U.R.[7] and $48,000 in future care for each of the three victims.[8]

## II. *Travel Expenses*

Next, the defendant raises two objections related to travel expenses incurred by O.U.R. for two of the victims to attend the sentencing hearing. First, he objects to paying the travel expenses of the victims' psychologist, who accompanied Jane Doe and Jane Doe #4 to the hearing. Def.'s Objs. at 3–4. He also objects to paying

---

[7] This amount includes $4,800 for Jane Doe, $1,200 for Jane Doe #3, and $4,800 for Jane Doe #4. *See* R&R at 9.

[8] $10,800 + $48,000 + $48,000 + $48,000 = $154,800.

10

any travel expenses for more than the single day on which the hearing took place.[9] *Id.* at 4.

Under the MVRA, "[t]he Government bears the burden of proving a victim's actual loss by a preponderance of the evidence." *United States v. Finazzo*, 850 F.3d 94, 117 (2d Cir. 2017). As relevant here, the MVRA authorizes restitution for "necessary . . . transportation[] and other expenses incurred" in attending "proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). It does not, however, "authorize the court to order a defendant to pay restitution to any person who was not a victim." *United States v. Reifler*, 446 F.3d 65, 121 (2d Cir. 2006).

At the restitution hearing, the Assistant U.S. Attorney proffered that she was told the two victims did not feel that they could travel without the support of their psychologist. Hr'g Tr. at 27:3–14, ECF No. 98. Without further corroboration, however, this proffer is insufficient to carry the U.S. Attorney's burden of showing that the psychologist's accompaniment was "necessary" for the victims to attend the sentencing. I therefore sustain the defendant's objection to this aspect of the R&R

---

[9] The U.S. Attorney seeks to have O.U.R. reimbursed for travel expenses it paid for Jane Doe, Jane Doe #4, and their psychologist to attend the sentencing hearing. R&R at 13. In addition, O.U.R. purchased meals for its representative, Tyler Schwab, who also attended the sentencing, but Magistrate Judge Reyes excluded these expenses from his recommendation. *Id.* at 14.

and reduce the restitution for flight, hotel, and meal expenses by one-third to remove the portion attributable to the psychologist.

I find no merit, however, in the defendant's objection to the length of the victims' stay in New York. They arrived late in the evening three days before the hearing and departed the day after it. R&R at 13. The brief time they spent in New York before the hearing was reasonable to allow for unforeseen travel delays and other possible complications.

After reducing the recommendation by one-third, the U.S. Attorney has shown travel expenses totaling $5,466.04, including $5,048.21 in flights and hotels and $417.83 in meal expenses necessary for Jane Doe and Jane Doe #4 to attend the sentencing.[10]

III.  *Conclusion*

Adding the travel expenses ($5,466.04) to the victims' mental health treatment costs ($154,800) results in a total of $160,266.04. No party has objected to

---

[10] The R&R recommends that I order a total of $8,100.61 in restitution for travel expenses. R&R at 15. The Court, however, was unable to reproduce this figure. Elsewhere, the R&R recommends that I order the defendant to pay $7,572.32 in flights and hotels and $626.74 in meal expenses. *Id.* at 14. Adding these two figures together equals $8,199.06—not $8,100.61. These figures are reflected in the receipts submitted by the U.S. Attorney. Accordingly, they are used to calculate the total reimbursable travel expenses, as follows:

$$\$7,572.32 + \$626.74 - ((\$7,572.32 + \$626.74) \div 3) = \$5,466.04.$$

Magistrate Judge Reyes's recommendation that I reduce the restitution award by the amount another defendant, Victor Hugo Galarza, has been ordered to pay in restitution in a related case. *See* R&R at 16. Galarza has been ordered to pay $1,500 to Jane Doe, $4,500 to Jane Doe #3, $1,500 to Jane Doe #4, and $10,000 to O.U.R.[11] Gov't's Ltr. at 2 n.2, ECF No. 89; R&R at 15. Subtracting these amounts from $160,266.04, the defendant is ordered to pay $142,766.04 in restitution, of which $46,500 is to be paid to Jane Doe, $43,500 to Jane Doe #3, $46,500 to Jane Doe #4, and $6,266.04 to O.U.R. The defendant is further ordered to pay $50,000 of the total within one month of this order, with the remainder payable at a rate of ten percent of the defendant's gross monthly income. Restitution shall be provided to the victims directly before any compensation is received by O.U.R.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
August 6, 2024

---

[11] The R&R recommends that I reduce the total restitution by $8,500. R&R at 16. This appears to be an error as Galarza was ordered to pay $17,500 to the victims and O.U.R.—not $8,500 ($1,500 + $4,500 + $1,500 + $10,000 = $17,500). *See* Gov't's Ltr. at 2 n.2.

13